UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL FLEMING,

                Petitioner,                        Case No. 2:12-CV-11925
                                                    Honorable Patrick J. Duggan

v.

DEBRA SCUTT,

                Respondent.

_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR
SUMMARY JUDGMENT; (2) DISMISSING THE PETITION FOR WRIT OF
HABEAS CORPUS; AND (3) DENYING A CERTIFICATE OF APPEALABILITY**

       Michael Fleming ("Petitioner"), a Michigan Department of Corrections prisoner

presently incarcerated at the Parnall Correctional Facility in Jackson, Michigan, has filed

a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition

challenges his Wayne County Circuit Court guilty plea conviction for assault with intent

to commit murder in violation of Mich. Comp. Laws § 750.23; carjacking in violation of

Mich. Comp. Laws § 750.529A; and commission of a felony with a firearm in violation

of Mich. Comp. Laws § 750.520c(1)(A). This matter is before the Court on Respondent's

motion for summary judgment, in which she asks this Court to dismiss the petition as

untimely.  Petitioner has not filed a response to the motion. For the reasons set forth

herein, the Court agrees with Respondent and dismisses the petition for failure to comply

with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court also

denies a certificate of appealability.

# I.     Procedural History

Petitioner pled guilty to the above offenses in the Wayne County Circuit Court. On March 14, 2002, he was sentenced to two concurrent prison terms of ten years and ten months to twenty-five years for the assault and carjacking convictions, and a consecutive two-year term for the firearm conviction.

Petitioner did not file a direct appeal.  In his habeas petition, Petitioner asserts that he did not appeal his conviction because he has suffered from schizophrenia since 1997, and because he was shot in the face by police when he was arrested for the instant offense, rendering him unable to seek appellate relief.  Petitioner has attached medical records to his petition to support this claim.

On July 5, 2006, Petitioner was appointed counsel by the state trial court to pursue post-conviction relief.  After some delays not attributable to Petitioner, a motion for relief from judgment was filed by counsel on September 10, 2009. On April 26, 2010, the trial court denied the motion.  Petitioner filed a delayed application for leave to appeal, but on June 24, 2011, the Michigan Court of Appeals denied the application and remanded the matter "for the purpose of correcting the judgment of sentence to accurately reflect [Petitioner's] plea of nolo contendere but mentally ill." *People v. Fleming*, No. 299994 (Mich. Ct. App. June 24, 2011).

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, but the Court denied leave to appeal on April 4, 2012. *People v. Fleming*, 491 Mich. 891, 810 N.W.2d 267 (2012).

Petitioner dated his habeas petition April 24, 2012, and because it was filed *pro se*, the Court will consider this as the filing date for statute of limitations purposes. *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). On November 5, 2012, Respondent filed a motion for summary judgment. Petitioner has not filed a response to the motion.

## II.   Discussion

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Absent equitable tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed before the limitations period expires. *See* 28 U.S.C. § 2244(d)(1); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

3

In this case, Petitioner was sentenced on March 14, 2002, and did not file a direct appeal. Consequently, his conviction and sentence became final on March 14, 2003, when the one-year period for filing a delayed application for leave to appeal in the Michigan Court of Appeals expired. See Mich. Ct. R. 7.205(F)(3) (1995) (imposing a 12-month time frame for late appeal); *see also Gonzalez v. Thaler*, – U.S. – , 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the time for seeking state court review expires); *Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012). Therefore, Petitioner was required to file his habeas petition in federal court on or before March 14, 2004, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his post-conviction motion in the state trial court until September 10, 2009.  And even giving Petitioner the benefit of the doubt, he did not begin to pursue post-conviction proceedings until July of 2006, when he requested counsel. Therefore, the one-year period expired well before he sought state post-conviction or collateral review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no time remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003).  The AEDPA's limitations period does not begin to

4

run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner does not contend that the State created an impediment to a timely filing, that his claims are based upon newly-discovered facts, or that his claims arise from newly-created rights recognized by the United States Supreme Court and made retroactive to cases on collateral review. See 28 U.S.C. § 2244(d)(1)(B), (C), (D). Therefore, absent some form of equitable tolling, the petition is subject to dismissal as untimely filed.

The Supreme Court has held that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *See Holland v. Florida*, – U.S. – , 130 S. Ct. 2549, 2560 (2010).  The Court cautioned that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010).

Petitioner has not identified any extraordinary circumstances that prevented him from complying with § 2244(d)(1). Petitioner has not replied to Respondent's motion, but in the petition itself, Petitioner states that his psychological condition required him to seek assistance from fellow prisoners to file for appellate relief.  But an inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period. *Cobas v. Burgess*, 306 F. 3d 441, 444 (6th Cir. 2002).

5

Likewise, a claim that a habeas petitioner did not have professional legal assistance is not an extraordinary circumstance that would toll the statute of limitations. *Wilson v. Birkett*, 192 F. Supp. 2d at 766. Nor does ignorance of the law justify equitable tolling. *See Allen v. Yukins*, 366 F. 3d 396, 403 (6th Cir. 2004); *Brown v. McKee*, 232 F. Supp. 2d 761, 767 (E.D. Mich. 2002).

Petitioner attached a "Comprehensive Psychiatric Examination" report generated by the Michigan Department of Corrections to support his claim that he is entitled to equitable tolling. The report is dated March 6, 2008. The summary of the report describes Petitioner's present illness as follows:

> Mr. Fleming has been doing well on his current medication regimen, which indicates he has a mixed mood and thought disorder, versus a primary psychotic disorder. He has been compliant with meds and knows that he is doing well on this regimen. He does not recall the symptom complex that antedates his time in DOC, stating that his mother petitioned him in an effort to control him. At that time, he was involuntarily committed. He does acknowledge that back then, he was doing Ectasy [sic], snorting Heroin and Cocaine, and smoking Marijuana. Some times [sic] he would take his meds on the outside and at other times, he just did illicit [sic] drugs. Compliance is not an issue while incarcerated. He remains complaint with all meds and knows what he is taking. He denied psychotic symptoms, paranoia, depression or manic symptoms. He is still trying to get his GED.

(ECF No. 1 at 45.) The report estimated that Petitioner was of average intelligence, and mood was happy, stable, appropriate, and bright. (*Id*. at 44.)

As a general matter, courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity. *See Brown v. McKee*, 232 F. Supp. 2d 761, 768 (E.D. Mich 2002). Petitioner bears the burden of showing that

mental health problems rendered him unable to file a habeas petition during the one-year limitations period.  *Id*. at 767-68.  The profile indicated in the report Petitioner attached to his petition does not describe the type of psychological infirmity that entitles Petitioner to equitable tolling.  The report describes Petitioner as doing well, not having any severe symptoms, and even pursuing his GED.  Accordingly, Petitioner has not demonstrated entitlement to equitable tolling.

Lastly, the one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851 (1995). *See Souter v. Jones*, 395 F. 3d 577, 599-600 (6th Cir. 2005). Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter*, because he has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005).

## III.    Conclusion and Certificate of Appealability

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and the statute of limitations precludes federal review of the petition. The Court is, therefore, granting Respondent's motion for summary judgment and dismissing Petitioner's application for the writ of habeas corpus.

Before Petitioner may appeal the Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A

certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas petition on procedural grounds without addressing the merits of the claims asserted, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id*. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a); *See also Strayhorn v. Booker*, 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's procedural ruling debatable. No certificate of appealability is warranted in this case.

Accordingly,

**IT IS ORDERED**, that Respondent's motion for summary judgment is **GRANTED** and Petitioner's application for the writ of habeas corpus pursuant to 28

8

U.S.C. § 2254 is **DISMISSED WITH PREJUDICE**;

      **IT IS FURTHER ORDERED**, that the Court **DENIES** a certificate of

appealability.

Dated: January 16, 2013

                           s/PATRICK J. DUGGAN
                           UNITED STATES DISTRICT JUDGE

Copies to:
Michael Fleming, #358778
Parnall Correctional Facility
1780 E. Parnall
Jackson, MI 49201

AAG Laura Moody
AAG Raina I. Korbakis

9